FILED 05 NOV 29 13:11 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD WILLIAM HARRINGTON, JR.,

   Petitioner,

v.

JEAN HILL, Superintendent, Snake River Correctional Institution,

   Respondent.

CV. 02-1464-HU

OPINION AND ORDER

KING, Judge

Petitioner, proceeding *pro se*, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Currently before the court is petitioner's second amended habeas corpus petition (#62). For the reasons set forth below, the petition is denied summarily. See Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

## DISCUSSION

The filings of petitioner to date have been voluminous and difficult to decipher. Consequently, and in the absence of a complete state court record, it is difficult to determine whether

1 -- OPINION AND ORDER

petitioner has exhausted his available state remedies. In light of this difficulty, I proceed to the merits of the petition. See 28 U.S.C. § 2254(b)(2) (petition may be denied on the merits notwithstanding petitioner's failure to exhaust state remedies).

Petitioner seeks to challenge the legality of his 1997 conviction for kidnaping in the second degree, attempted rape in the first degree, menacing, and three counts of recklessly endangering another. Petitioner was sentenced to a 120-month departure sentence on the kidnaping conviction, with a 70-month minimum sentence, pursuant to O.R.S. 137.700(2)(i) (1995) ("Ballot Measure 11").

In his first ground for relief, petitioner alleges that his Ballot Measure 11 sentence violates the "treaty rights of Indians and foreign nationals of the U.S. Constitution and Convention Acts". Petitioner fails to specify what treaty between the United States and an Indian Tribe (to which he belongs) has been violated. Petitioner's conclusory allegations, which are not supported by specific facts, do not warrant habeas corpus relief. Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995), cert. denied, 517 U.S. 1143 (1996); James v. Borg, 24 F.3d 20, 26 (9th Cir.), cert. denied, James v. White, 513 U.S. 935 (1994); see also 18 U.S.C. § 1162(a) (conferring jurisdiction upon State of Oregon over offenses committed by Indians in Indian Country in Oregon except Warm Springs Reservation).

In his second claim for relief, petitioner purports to bring a cause of action under 42 U.S.C. §§ 1981, 1982, 1983, 1984, 1985 and 1986. Those civil rights statutes are enforceable in a civil rights action and do not provide an independent basis for habeas corpus relief under 28 U.S.C. § 2254. To the extent that petitioner seeks to allege that his conviction was obtained in violation of his right to equal protection, the claim fails due to the absence of any facts supporting this claim. Jones, 66 F.3d at 204-05; James, 24 F.3d at 26; see also Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001) (holding that measure 11 does not violate Equal Protection Clause because it mandates same treatment for any person who commits particular crimes).

In his third claim for relief, petitioner alleges that Oregon's Ballot Measure 11 violates his right to a republican form of government. Petitioner's argument necessarily is premised upon the Guarantee Clause of the U.S. Constitution. A challenge based upon the Guarantee Clause raises a nonjusticiable political question and, therefore, does not form the basis of habeas corpus relief. Murtishaw v. Woodford, 255 F.3d 926, 961 (9th Cir. 2001), cert. denied, 535 U.S. 935 (2002).

In his fourth ground for relief, petitioner appears to complain of various rulings made by judges of this court in the instant proceeding and in Harrington v. Osborne, Civ. No.

3 -- OPINION AND ORDER

02-1428-HO. Actions of the judges of this court do not form the basis to challenge the legality of petitioner's state conviction. See 28 U.S.C. § 2254(a). Accordingly, this ground for relief is denied. To the extent that this ground can be construed as a motion to recuse, the motion is denied on the basis that petitioner's complaints pertain only to the rulings of judges in cases pending before this court and, therefore, do not form the basis for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

Additionally, petitioner alleges that "judges of the State of Oregon are administrative judges with bad oaths." I construe this as a challenge to the oath of office taken by many Oregon judges which omitted the phrase "and impartially," from the oath prescribed by the Oregon Constitution. This court has previously held that the omission does not violate the U.S. Constitution. Brazille v. Hill, 02-1696-MA, Order (#11) at 3. The federal Constitution requires only that state judges be bound by an oath or affirmation to support the Constitution. U.S. Const. art. VI, cl.3. Accordingly, this ground for relief is denied.

In addition to the foregoing grounds for relief, petitioner indicates at page 5 of his second amended petition that he seeks to raise grounds of ineffective assistance of counsel and failure to disclose exculpatory evidence. Neither ground is set forth in the

petition or supported by a statement of facts. Accordingly, those grounds do not merit habeas corpus relief. Jones, 66 F.3d at 204-05; James, 24 F.3d at 26.

## CONCLUSION

Based on the foregoing, petitioner's second amended habeas corpus petition (#62) is DENIED, and this proceeding is DISMISSED, with prejudice. Petitioner's motion for evidentiary hearing (#61) is DENIED. All other pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 14th day of November, 2005.

_____
Garr M. King
United States District Judge